IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| AURUBIS BUFFALO, INC. and ALAN MANDEL | ) ) ) ) |
| Defendants. | ) |

Case No.: 21-cv-3490

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, COVINGTON SPECIALITY INSURANCE, by and through its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP, and for its Complaint for Declaratory Judgment against Defendants, AURUBIS BUFFALO, INC. and ALAN MANDEL, states as follows:

**NATURE OF ACTION**

1. Plaintiff, Covington Specialty Insurance ("Covington"), is an insurance company that issued a commercial general liability policy of insurance to Productive Transportation Carrier Corp. ("Productive") as the named insured, effective from April 3, 2018 to April 3, 2019 and bearing policy number VBA609438 00 (the "Covington Policy").

2. Covington brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to defend and indemnify Aurubis Buffalo, Inc. ("Aurubis") under the Covington Policy in connection with an underlying suit filed by Alan Mandel ("Mandel") on September 16, 2020 styled, *Alan Mandel v. Dulin Metals Co., Versatile Processing Group, Inc., Transformer*

1

*Decommissioning, Inc., Utility Recycling Services, Inc., Versatile Processing, Inc., Versatile Processing Texas LLC, Venture Metals LLC, SI Metallics, LLC, Aurubis Buffalo, Inc. d/b/a Aurubis f/k/a American Brass Company, Circuit Controls Corp., and Yazaki North American, Inc. d/b/a YNA*, under Case No. 2020L09945 in the Circuit Court of Cook County, Illinois (the "*Mandel* Lawsuit"). Covington seeks a declaration that no coverage is available under the Covington Policy and that Covington has no obligation to defend or indemnify Aurubis in connection with the *Mandel* Lawsuit.

3. Aurubis seeks coverage for the *Mandel* Lawsuit under the Covington Policy.

4. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties and obligations under and pursuant to the Covington Policy in connection with the claims asserted in the *Mandel* Lawsuit based on the terms of the policy and applicable law.

5. Covington has no adequate remedy at law and, therefore seeks a judicial declaration of its rights and duties in accordance with the aforesaid policy. A judicial declaration is appropriate at this time so that Covington may ascertain its rights and duties with respect to its obligations under the Covington Policy for the *Mandel* Lawsuit.

## THE PARTIES

6. Covington is, and at all relevant times has been, a stock company organized under the laws of New Hampshire, with its principal place of business located in Atlanta, Georgia and authorized to issue insurance policies in the State of Illinois and New York.

7. Upon information and belief, Aurubis is, and at all relevant times has been, a corporation organized under the laws of Delaware, with its principal place of business located in Buffalo, New York.

8. Upon information and belief, Mandel is, and at all relevant times has been, a resident of Niagara Falls, Niagara County, New York. Mandel is the plaintiff in the *Mandel* Lawsuit and is joined as a defendant herein as a necessary party so that he may be bound by the judgment entered in this case. If Mandel executes a stipulation agreeing to be bound by any judgment entered herein, Covington will voluntarily dismiss Mandel from this action.

## JURISDICTION AND VENUE

9. Jurisdiction of this matter is appropriate pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because the *Mandel* Lawsuit is pending in this judicial district and a substantial part of the events giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

**A.     The *Mandel* Lawsuit**

11. On September 16, 2020, Mandel filed his Complaint at Law initiating a lawsuit against Aurubis and other defendants. A copy of Mandel's Complaint at Law is attached hereto as **Exhibit A**.

12. The Complaint alleges that Mandel was employed as a truck driver for Productive in Tonawanda, New York. Ex. A. at Count II - ¶ 3.

13. The Complaint alleges that on September 17, 2018, Mandel picked up a trailer load of metals that was owned, controlled and/or managed by Aurubis at 301 N 3rd Ave., Des Plaines, Illinois. Ex. A. at Count II - ¶ 4.

3

14. The Complaint further alleges that Mandel subsequently sustained injuries after the trailer of metals, loaded onto the truck Mandel was driving, shifted in transit, causing the tractor trailer to overturn at the intersection of Golf Road and Waukegan Road in the City of Glenview, Illinois (the "Incident"). Ex. A. at Count II - ¶ 5.

15. Mandel asserts three counts of negligence against the underlying defendants in the Complaint—specifically alleging that each of the underlying defendants owed him a duty of reasonable care in loading, securing, and inspecting the trailer load of metals. Ex. A. at Count II - ¶¶ 7-9.

16. The Complaint further alleges that each of the underlying defendants committed the following acts of negligence: (a) creating a hazardous condition in the manner in which the truck was loaded; (b) failing to brace the load to prevent it from shifting during transit; (c) failing to properly secure the load in the truck; (d) failing to inspect the trailer to insure it was properly loaded; (e) loading the truck in a manner that was prone to causing the truck to overturn; and/or (f) was otherwise negligent. Ex. A. at Count II - ¶ 12.

17. The Complaint alleges that as a direct and proximate result of the underlying defendants' negligence, Mandel sustained serious, painful and permanent injuries in and about his head, arms, legs and body and is incapacitated from his duties and responsibilities. Ex. A. at Count II - ¶ 10.

18. Mandel seeks compensatory damages from each of the underlying defendants in an amount in excess of $50,000. Ex. A. at Count II.

**B.     Tender**

19.     On November 11, 2020, Aurubis tendered its defense and indemnity of the *Mandel* Lawsuit to Productive under an Integrated Logistics Management Agreement dated January 3, 2017, entered into between Productive and Aurubis.

20.     On December 16, 2020, Covington issued correspondence disclaiming any duty to defend or indemnify Aurubis in connection with the *Mandel* Lawsuit and requesting that Aurubis withdraw its tender of the *Mandel* Lawsuit.

21.     On or about December 19, 2020, Covington received Aurubis' correspondence dated December 10, 2020, tendering its defense and indemnity of the *Mandel* Lawsuit directly to Covington under the Covington Policy.

22.     On January 7, 2021, Covington issued correspondence disclaiming any duty to defend or indemnify Aurubis in connection with the *Mandel* Lawsuit and requesting that Aurubis withdraw its tender of the *Mandel* Lawsuit.

23.     On or about April 1, 2021, Covington received Aurubis' correspondence dated March 19, 2021, again tendering its defense and indemnity of the *Mandel* Lawsuit to Covington under the Covington Policy.

24.     On May 17, 2021, Covington issued correspondence again, disclaiming any duty to defend or indemnify Aurubis in connection with the *Mandel* Lawsuit and requesting that Aurubis withdraw its tender of the *Mandel* Lawsuit.

25.     Aurubis has since refused to withdraw its tender of the *Mandel* Lawsuit.

**C.     The Covington Policy**

26.     Covington issued a commercial general liability policy of insurance to Productive as the named insured, effective from April 3, 2018 to April 3, 2019 and bearing policy number VBA609438 00. A copy of the Covington Policy is attached hereto as **Exhibit B**.

27.     The Covington Policy was negotiated and issued to Productive at is principal place of business in New York.

28.     The Insuring Agreement of the Covington Policy (form no. CG 00 01 04 13) states as follows:

> **1.     Insuring Agreement**
>
> **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> \* \* \*
>
> **b.**     This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and
>
> \* \* \*

*See* Ex. B.

6

29. Section II – "Who Is An Insured" of the Covington Policy provides, in relevant part, as follows:

    **1.** If you are designated in the Declarations as:

        \* \* \*

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

        \* \* \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

*See* Ex. B.

30. The Covington Policy contain the following definitions:

**Section V – Definitions**

        \* \* \*

    **2.** "Auto" means:

    **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

        \* \* \*

    **11.** "Loading or unloading" means the handling of property:

    **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

      **b.**    While it is in or on an aircraft, watercraft or "auto"; or

      **c.**    While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

* * *

*See* Ex. B.

31.    The Covington Policy contains an Exclusion g., (Aircraft, Auto Or Watercraft), as amended by the "Absolute Aircraft And Auto Exclusion" endorsement (form no. GBA 106011 1215), which provides, in relevant part, as follows:

    A.    SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, paragraph g. is deleted and replaced with the following:

      g.    Aircraft, Auto or Watercraft

        "Bodily injury" or "property damage" arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading".

        This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

*See* Ex. B.

<strong><u>COUNT I – DECLARATORY JUDGMENT</u></strong><br><strong>(Aurubis Is Not An Insured)</strong>

32.    Covington adopts and realleges the allegations in Paragraphs 1 through 31 of its Complaint as and for Paragraph 32, as if fully set forth herein.

8

33. The Named Insured under the Covington Policy – Productive Transportation Carrier Corp. – is a corporation.

34. The Covington Policy contains a "Who Is An Insured" provision that provides where the Named Insured is an "organization other than a partnership, joint venture or limited liability company," "you are an insured," "[y]our 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors" and "[y]our stockholders are also insureds, but only with respect to their liability as stockholders." *See* Ex. B.

35. The Covington Policy does not contain any additional insured endorsements.

36. Per the above language, Productive is an insured to the Policy. Productive's executive officers, directors and stockholders are also insureds, but only with respect to their duties as Productive's executive officers and directors and their liability as stockholders.

37. Aurubis does not qualify as an insured under the "Who Is An Insured" provision of the Covington Policy.

38. Accordingly, Covington does not owe Aurubis a duty to defend or indemnify it in the *Mandel* Lawsuit because it does not qualify as an insured under the Covington Policy.

WHEREFORE, Covington respectfully prays that this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Covington Policy;

    b. Find and declare that Covington does not have a duty to defend or indemnify Aurubis in the *Mandel* Lawsuit, as Aurubis does not qualify as an insured under the Covington Policy; and

    c. Grant Covington such other and further relief that the Court deems proper under the facts and circumstances.

**COUNT II – DECLARATORY JUDGMENT**
**(The "Absolute Aircraft And Auto Exclusion" Endorsement**
**Applies To Preclude Coverage)**

39. Covington adopts and realleges the allegations in Paragraphs 1 through 31 of its Complaint as and for Paragraph 39, as if fully set forth herein.

40. The Covington Policy contains an "Absolute Aircraft And Auto Exclusion" endorsement, which precludes coverage for "bodily injury" arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft, including "loading and unloading." *See* Ex. B. This exclusion applies "even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage' involved the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft." *See* Ex. B.

41. The Covington Policy defines "auto" to mean:

    **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

*See* Ex. B.

42. The Covington Policy further defines "loading and unloading" to mean "the handling of property":

    **a.** After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

    **b.** While it is in or on an aircraft, watercraft or "auto"; or

    **c.** While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

10

but "loading or unloading" does not include movement of property by
                means of a mechanical device, other than a hand truck, that is not attached
                to the aircraft, watercraft or "auto".

*See* Ex. B.

    43.    The *Mandel* Lawsuit alleges that Mandel was injured after he picked up a trailer load of metals owned, controlled and/or managed by Aurubis, which later shifted in transit causing the tractor trailer to overturn. *See* Ex. A. ¶¶ 4-5.

    44.    The *Mandel* Lawsuit further alleges that Aurubis committed the following acts of negligence: (a) creating a hazardous condition in the manner in which the truck was loaded; (b) failing to brace the load to prevent it from shifting during transit; (c) failing to properly secure the load in the truck; (d) failing to inspect the trailer to insure it was properly loaded; (e) loading the truck in a manner that was prone to causing the truck to overturn; and/or (f) was otherwise negligent. Ex. A. at ¶ 12.

    45.    Accordingly, Mandel's injuries arose out of and resulted from the ownership, maintenance, use or entrustment to others of any "auto."

    46.    Covington does not have a duty to defend or indemnify Aurubis in the *Mandel* Lawsuit because the "Absolute Aircraft And Auto Exclusion" endorsement applies to preclude coverage.

    WHEREFORE, Covington respectfully prays that this Honorable Court:

    a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Covington Policy;

    b.    Find and declare that Covington does not have a duty to defend or indemnify Aurubis in the *Mandel* Lawsuit, because the "Absolute Aircraft And Auto Exclusion" endorsement applies to preclude coverage; and

    c.    Grant Covington such other and further relief that the Court deems proper under the facts and circumstances.

Dated this 30th day of June, 2021.

                                          Respectfully submitted,

                                          COVINGTON SPECIALITY INSURANCE

                                          */s/ Michael S. Knippen*
                                          Michael S. Knippen
                                          One of Plaintiff's Attorneys

Michael S. Knippen (Attorney No. 6185723)
Danielle K. Kegley (Attorney No. 6320903)
**TRAUB LIEBERMAN**
**STRAUS & SHREWSBERRY LLP**
303 W Madison, Ste. 1200
Chicago, Illinois 60606
Telephone: (312) 332-3900
Facsimile: (312) 332-2908
mknippen@tlsslaw.com
dkegley@tlsslaw.com